Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| UNITED STATES DEPARTMENT OF AGRICULTURE, RURAL DEVELOPMENT<br><br>**Apelante**<br><br>V.<br><br>HERIBERTO TIRADO GARCIA y OTROS<br><br>**Apelados** | TA2026AP00577 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Civil. Núm. HU2025CV01667<br><br>Sobre: COBRO DE DINERO – ORDINARIO Y OTROS |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

**Hernández Sánchez, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 29 de junio de 2026.

El 5 de junio de 2025, el United States Department of Agriculture, Rural Development (USDA-RD o el apelante) compareció ante nos mediante *Apelación* y solicitó la revisión de una *Sentencia* que se dictó el 1 de mayo de 2026 y se notificó el 4 de mayo de 2026, por el Tribunal de Primera Instancia, Sala Superior de Humacao (TPI). Mediante el aludido dictamen, el TPI desestimó, sin perjuicio, la *Demanda* que presentó el apelante por entender que el término de ciento veinte (120) días que dispone la Regla 4.3 (c) de Procedimiento Civil, 32 LPRA Ap. V., R. 4.3 para emplazar a la parte demandada había transcurrido.

Por los fundamentos que expondremos a continuación, **confirmamos** el dictamen apelado.

I.

El 8 de diciembre de 2025, el USDA-RD presentó una *Demanda* sobre cobro de dinero y ejecución de hipoteca por la vía ordinaria contra el Sr. Heriberto Tirado García (señor Tirado García

o el causante), la Sra. Irene Ortiz Morales (señora Ortiz Morales) y la Sociedad Legal de Bienes Gananciales compuesta por ambos (en conjunto, los apelados).[1] Junto a esta demanda, el apelante incluyó los proyectos de emplazamiento dirigidos a los demandados antes expuestos. Estos fueron expedidos por la Secretaría del TPI el 9 de diciembre de 2025.

Posteriormente, el 7 de enero de 2026, el apelante presentó una *Moción en Sustitución de Parte y Acompañando Demanda Enmendada, Moción en Solicitud de Interpelación Judicial y Moción en Solicitud de Orden al Registro Demográfico.*[2] En estas informó que la señora Ortiz Morales fue emplazada personalmente por sí y como representante de la Sociedad Legal de Gananciales compuesta con el señor Tirado García. Para evidenciar lo antes mencionado, presentó una copia del emplazamiento diligenciado. Además, informó que durante el proceso de diligenciamiento de los emplazamientos advino en conocimiento de que, el señor Tirado García había fallecido y que no existía documento fehaciente que acreditara el nombre de todos los herederos. No obstante, informó los nombres de los miembros de la sucesión que sí conocía, la señora Ortiz Morales y el Sr. Eric Manuel Tirado Ortiz. En vista de lo antes expuesto, solicitó que se le permitiera enmendar la demanda a los efectos de incluir como parte demandada tanto a los miembros conocidos de la sucesión como a los desconocidos y se expidieran los emplazamientos que acompañaban la solicitud.

Así las cosas, el 13 de enero de 2026 el TPI emitió una *Orden,* notificada el 14 de enero de 2026, en la que ordenó al Registro Demográfico expedir el certificado de defunción del señor Tirado García en un plazo de cinco (5) días, contados a partir de que el

---

[1] *Véase,* Entrada Núm. 1, SUMAC TPI.
[2] *Véase,* Entradas Núm. 4 y 5, SUMAC TPI.

apelante entregara este escrito.[3] **Ese mismo día, emitió otra *Orden*, en la que le informó al apelante que una vez recibiera el referido certificado de defunción se continuarían los procedimientos.**[4]

Debido a que no se dio cumplimiento con la referida Orden, el 20 de enero de 2026, el USDA-RD presentó una moción en la que nuevamente solicitó que se emitiera una Orden dirigida al Registro Demográfico de Puerto Rico para que expidiera un certificado de defunción de Heriberto Tirado García t/c/c Heriberto Tirado.[5] **Ese mismo día, el TPI emitió la *Orden* solicitada y le concedió al Registro Demográfico un plazo de diez (10) días para su expedición**.[6]

Luego de transcurrido el término de ciento veinte (120) días dispuesto en la Regla 4.3(c) de Procedimiento Civil, *supra*, sin que se diligenciara el emplazamiento correspondiente, el 1 de mayo de 2026, el TPI emitió una *Sentencia*, notificada el 4 de mayo de 2026, mediante la cual desestimó la *Demanda* sin perjuicio.[7] Particularmente expuso lo siguiente:

> Expirado el término de ciento veinte (120) días sin que se haya diligenciado el emplazamiento en este caso, por la presente se tiene a la parte actora por desistida y se ordena el archivo del mismo sin perjuicio, conforme a la Regla 4.3(c) de Procedimiento Civil de 2009, para el Tribunal General de Justicia.

Inconforme con este dictamen, el 7 de mayo de 2026 el apelante presentó una *Moción de Reconsideración.*[8] En síntesis, sostuvo que el término de ciento veinte (120) días dispuesto en la Regla 4.3(c) de Procedimiento Civil, *supra*, no había comenzado a transcurrir, ya que los emplazamientos dirigidos a los herederos del causante no habían sido expedidos. Además, alegó que solicitó

---

[3] *Véase,* Entrada Núm. 6, SUMAC TPI.
[4] *Véase,* Entrada Núm. 7, SUMAC TPI.
[5] *Véase,* Entrada Núm. 8, SUMAC TPI.
[6] *Véase,* Entrada Núm. 9, SUMAC TPI. Notificada el 21 de enero de 2026.
[7] *Véase,* Entrada Núm. 10, SUMAC TPI.
[8] *Véase,* Entrada Núm. 11, SUMAC TPI.

oportunamente la sustitución de parte tan pronto advino en conocimiento del fallecimiento del causante e identificó a sus herederos. Sin embargo, señaló que dicha solicitud no había sido autorizada, por lo que tampoco se habían emitido los emplazamientos correspondientes. En consecuencia, argumentó que la desestimación era improcedente. **Cabe precisar que, junto a esta moción, el apelante presentó el certificado de defunción que se expidió el <u>30 de enero de 2026.</u>**

En respuesta, el 8 de mayo de 2026, el TPI emitió una *Resolución Interlocutoria,* notificada el 11 de mayo de 2026, en la cual declaró No Ha Lugar la solicitud de reconsideración.[9] Aún en desacuerdo, el 5 de junio de 2026, USDA-RD presentó el recurso de epígrafe y formuló el siguiente señalamiento de error:

> **ERRÓ Y ABUSÓ DE SU DISCRESIÓN EL FORO DE INSTANCIA AL DESESTIMAR LA DEMANDA BAJO LA REGLA 4.3(C) DE PROCEDIMIENTO CIVIL, TRAS DETERMINAR QUE HABÍA ESPIRADO EL TÉRMINO DE CIENTO VEINTE (120) DÍAS PARA DILIGENCIAR LOS EMPLAZAMIENTOS, AUN CUANDO LOS EMPLAZAMIENTOS CORRESPONDIENTES A LOS HEREDEROS SUSTITUTOS NO HABÍAN SIDO EXPEDIDOS Y, EN CONSECUENCIA, EL TÉRMINO REGLAMENTARIO NO HABÍA COMENZADO A TRANSCURRIR.**

Atendido el recurso, el 8 de junio de 2026, emitimos una *Resolución* concediéndole a los apelados hasta el 24 de junio de 2026 para presentar su alegato en oposición. Vencido el término para ello sin que la parte apelada presentara su postura en cuanto al recurso, damos por perfeccionado el recurso y procedemos a resolver el asunto ante nos. *Veamos.*

## II.

El emplazamiento es el mecanismo procesal mediante el cual se le notifica al demandado sobre la existencia de una reclamación incoada en su contra, para así garantizarle su derecho a ser oído y

---

[9] *Véase,* Entrada Núm. 12, SUMAC TPI.

defenderse. *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 480 (2019). Así pues, como mencionamos anteriormente, a través del emplazamiento los tribunales adquieren jurisdicción sobre la persona del demandado, "de forma tal que este quede obligado por el dictamen que finalmente se emita". Íd.

En cuanto al término para diligenciar el emplazamiento, la Regla 4.3(c) de Procedimiento Civil, *supra,* dispone lo siguiente:

> (c) El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.

De la precitada regla, se desprende, entre otros asuntos, el término que tiene el demandante para emplazar y el momento en que empieza a transcurrir dicho término. Específicamente, dicha regla es clara al establecer que la Secretaría del tribunal deberá expedir los emplazamientos el mismo día en que se presente la demanda siempre que el demandante entregue los formularios de emplazamiento ese mismo día. *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 648-649 (2018). En estas instancias, el demandante tendrá **un término improrrogable de ciento veinte (120) días para diligenciar el emplazamiento so pena de que se desestime automáticamente si no lo hace dentro de dicho término.** (Énfasis suplido) Íd., pág. 649.

Sin embargo, el Tribunal Supremo resolvió que si la Secretaría no expidiese el emplazamiento el mismo día en que se presentó la demanda junto al emplazamiento, el tiempo que demore el tribunal

en expedir los emplazamientos será el tiempo que tendrá la parte demandante para diligenciar su emplazamiento. Íd. Cabe resaltar que en ninguna circunstancia la parte contará con más de ciento veinte (120) días para diligenciar el emplazamiento. En fin, para que comience a decursar el referido término de ciento veinte (120) días, es requisito no solamente que se haya presentado la demanda y sometido el emplazamiento correspondiente sino, además, que el emplazamiento sea expedido por el tribunal. Íd., pág. 650.

-B-

Cuando fallece una parte demandada y la causa de acción no se extingue, la sustitución se rige por la Regla 22.1(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 22.1(b). Dicha regla impone el deber de notificar al tribunal y a las demás partes el fallecimiento dentro de los treinta (30) días desde que se conozca el deceso. Íd. A partir de esa notificación, comienza a transcurrir un término de noventa (90) días para solicitar la sustitución de la parte fallecida por la parte apropiada. Íd.

En el caso de un demandado fallecido, la parte interesada debe, dentro de ese término de noventa (90) días: (1) identificar a los causahabientes que integran la sucesión; (2) presentar la solicitud de sustitución; y (3) presentar la demanda enmendada individualizando a cada heredero, junto con los formularios de emplazamiento correspondientes. Ello responde a que los herederos no son parte en el pleito y, por tanto, es necesario adquirir jurisdicción sobre sus personas mediante emplazamiento conforme a la Regla 4 de Procedimiento Civil, 32 LPRA Ap. V, R.4. *Bonilla Sánchez v. Orta y otros*, 2026 TSPR 32, 218 DPR __ (2026). **Este trámite, que inicia con la notificación del fallecimiento de la parte conforme a la Regla 22.1(b) de Procedimiento Civil,** *supra*, **debe cumplirse oportuna y cabalmente, pues solo entonces se**

**activa el término de ciento veinte (120) días para diligenciar los emplazamientos.** (Énfasis suplido) Íd.

Una vez expedidos los emplazamientos, comienza a transcurrir el término de ciento veinte (120) días para diligenciarlos. Íd. Acreditado el diligenciamiento, el tribunal podrá ordenar la sustitución de la parte demandada fallecida por sus causahabientes. Íd.

Si dentro del término de noventa (90) días no es posible identificar a los herederos, la parte interesada deberá presentar la solicitud de sustitución, la demanda enmendada identificando a los herederos mediante nombres ficticios y solicitar autorización para emplazarlos por edicto. Íd. Una vez autorizado el emplazamiento por edicto, comenzará a transcurrir el término de ciento veinte (120) días para diligenciarlo. Íd.

**El incumplimiento con el procedimiento de sustitución dispuesto en la Regla 22.1(b) de Procedimiento Civil,** *supra,* **conlleva la desestimación del pleito, sin perjuicio, en cuanto a la parte fallecida.** (Énfasis suplido) Íd.

III.

En su único señalamiento de error, el USDA-RD sostuvo que el TPI erró al desestimar la Demanda al amparo de la Regla 4.3(c) de Procedimiento Civil, *supra,* por entender que había transcurrido el término de ciento veinte (120) días para diligenciar los emplazamientos. En esencia, planteó que dicho término nunca comenzó a decursar porque los emplazamientos dirigidos a los herederos del señor Tirado García no fueron expedidos. No le asiste la razón. *Veamos.*

Como vimos, la Regla 22.1(b) de Procedimiento Civil, *supra,* establece el procedimiento que debe seguirse cuando fallece una parte demandada y la causa de acción subsiste. En tales casos, corresponde a la parte interesada notificar el fallecimiento y, dentro

del término de noventa (90) días, identificar a los causahabientes, presentar la solicitud de sustitución, la demanda enmendada y los formularios de emplazamiento correspondientes. Cumplido oportunamente ese trámite, el tribunal podrá ordenar la sustitución de parte y, una vez expedidos los emplazamientos, comenzará a transcurrir el término de ciento veinte (120) días para diligenciarlos. *Bonilla Sánchez v. Orta y otros*, supra. Precisamente, esa norma presupone que la parte promovente actúe con la diligencia necesaria para colocar al tribunal en posición de resolver la solicitud de sustitución. Ello no ocurrió en el presente caso.

Del expediente surge que el 7 de enero de 2026 el apelante informó al TPI que, durante el diligenciamiento de los emplazamientos, advino en conocimiento del fallecimiento del señor Tirado García. En esa misma moción solicitó, conforme a la Regla 22.1(b) de Procedimiento Civil, *supra*, la sustitución del causante por los herederos conocidos, la inclusión de los herederos desconocidos mediante nombres ficticios, presentó una demanda enmendada y acompañó los formularios de emplazamiento correspondientes. Además, solicitó que el Tribunal emitiera una orden al Registro Demográfico para la expedición del certificado de defunción del causante, por entender que dicho documento era necesario para acreditar el fallecimiento y continuar el trámite de sustitución. En respuesta, el TPI le ordenó presentar el certificado de defunción del causante para continuar con los procedimientos. No obstante, el apelante incumplió dicha orden. Incluso, el TPI emitió una segunda orden dirigida al Registro Demográfico para obtener el referido certificado.

A pesar de ello, el certificado de defunción fue expedido el 30 de enero de 2026 y el apelante no lo presentó al tribunal ni realizó gestión alguna para impulsar la resolución de su solicitud de sustitución. Por el contrario, permaneció inactivo durante más de

tres meses y solo acompañó dicho documento a la moción de reconsideración presentada el 7 de mayo de 2026, esto es, luego de que el TPI hubiera desestimado la demanda sin perjuicio al amparo de la Regla 4.3(c) de Procedimiento Civil, *supra.*

Así pues, aunque el apelante pretende atribuir la falta de expedición de los emplazamientos a una omisión del TPI, el expediente demuestra que fue su propio incumplimiento el que impidió que culminara el procedimiento dispuesto en la Regla 22.1(b) de Procedimiento Civil, *supra.* En consecuencia, durante ese periodo transcurrió el término de ciento veinte (120) días contado desde la expedición de los emplazamientos originales, sin que el apelante completara las gestiones necesarias para viabilizar la sustitución del demandado fallecido y la expedición de nuevos emplazamientos dirigidos a sus causahabientes.

En estas circunstancias, el apelante no puede beneficiarse de su propia inacción para sostener que la desestimación fue prematura. La falta de expedición de los emplazamientos dirigidos a los herederos fue consecuencia directa de su incumplimiento con las órdenes del tribunal y de su inactividad procesal, no de una actuación errónea del TPI. Por ello, al haber transcurrido el término dispuesto en la Regla 4.3(c) de Procedimiento Civil, *supra*, sin que el apelante diligenciara los emplazamientos originales ni completara oportunamente el trámite de sustitución para viabilizar la expedición de los nuevos emplazamientos, procedía la desestimación sin perjuicio de la demanda. En consecuencia, confirmamos la *Sentencia* apelada.

IV.

Por los fundamentos antes expuestos, ***confirmamos*** el dictamen apelado.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones